MR. JUSTICE GULBRANDSON,
specially concurring:
I concur with the holding of the majority opinion that Section 23-2-302(2)(d), (e), and (f), MCA, are unconstitutional. I would also hold that Section 23-2-301(12), MCA, which defines “surface wa *150 ters” as including “the bed and its banks up to the ordinary high-water mark” is unconstitutional as applied to Class II waters.
I would, in line with my dissents in the Curran and Hildreth decisions, request that this Court expunge from the Hildreth decision, the unsupported statement that “the public has the right to use [the bed and banks] up to the ordinary high water mark.” Hildreth, 684 P.2d 1088, 1094. In my opinion, that statement is dicta. There was no legal authority for said statement, it was not necessary to decide the issue before the court, and it conflicts with the holding of the majority decision that only that use which is necessary for the public to enjoy its ownership of the water resource will be recognized. In support of this position, I cite Day v. Armstrong (Wyo. 1961), 362 P.2d 137, a case relied upon by the majority in Curran. In Curran, this Court stated:
“In 1961, the Wyoming Supreme Court supported public use of waters suitable therefore without regard to title or navigability. The Court held:
“ ‘Irrespective of the ownership of the bed or channel of waters, and irrespective of their navigability, the public has the right to use public waters of this State for floating usable craft and that use may not be interfered with or curtailed by any landowner. It is also the right of the public while so lawfully floating in the State’s waters to lawfully hunt or fish or do any and all other things which are not otherwise made unlawful.’ Day u. Armstrong (Wyo.1961), 362 P.2d 137, 147.
“In essence, the Wyoming court held that public recreational use of waters was limited only by the susceptibility of the waters for that purpose.”
Curran, 682 P.2d 163, 170.
The Wyoming Supreme Court in Day further stated:
“When waters are able to float craft, they may be so used. When so floating craft, as a necessary incident to that use, the bed or channel of the waters may be unavoidably scraped or touched by the grounding of craft. Even a right to disembark and pull, push or carry over shoals, riffles and rapids accompanies this right of flotation as a necessary incident to the full enjoyment of the public’s easement .... On the other hand, where the use of the bed or channel is more than incidental to the right to floating use of the waters, and the primary use is of the bed or channel rather than the floating use of the waters, such wading or walking is a trespass upon lands belonging to a riparian owner and is unlawful. Such trespass cannot be made lawful *151 either by legislative or judicial action . . . Except as herein specified, to use the bed or channel of the river to wade or walk the stream remains an unlawful trespass.”
Day, 362 P.2d 137, 145-46.
It is my opinion that where the State has title to the streambed, it may legislate, within the limits of declared public policy, the use of the streambed. Where the title to the streambed is privately owned, the State has no legal authority to legislate use of the bed and banks of that stream without paying just compensation through lawful eminent domain proceedings.